On the Merits.
Plaintiff’s petition sets forth clearly the grounds upon which she relies to have a contract, evidenced by authentic act, declared to be a mortgage or security for debt.
She avers that the dation en paiemeni by Mrs. Broussard to her was never intended to divest her title to the property, for .she never claimed title or possession as owner, but left her in full control.
That the office of the dation en paiement was to secure the indebtedness by placing the title in the name of Mrs. Broussard.
*1123 She alleges that Durio loaned' her the amount, and desiring to indemnify him against all loss and to secure him, she consented that proper title to the same should pass directly from Mrs. Broussard to Adelin Durio, “ it being further agreed that the annual interest of said loan should be secured to the said Durio by obligations in the shape of rent notes, and that the return of the title to said property to her name should be warranted by a promise of sale on the part of said Durio.”
The defendant interposed an exception that plaintiff, asa condition precedent to the institution of her action, should have tendered reimbursement to the defendant.
The defendant pleads the general issue, and sets forth the different transactions and grounds upon which he relies.
The judgment of the court a qua was pronounced in his favor, from which the plaintiff appeals.
The counsel for plaintiff disclaim that the action is revocatory or to rescind any of the acts connected with the title to the plantation, in this suit.
They argue that the deed from their client to Widow Broussard did not operate a divestiture of title, and they contend that the defendant knew that the plaintiff was the owner of the land, and in possession, and urge that the defendant took proper title from Widow Broussard as security for his loan.
The relief prayed is that the defendant shall convey, under the judgment for which they sue, title to the property, and that his claim be recognized as alien upon the property, and that she have reasonable time within which to pay it, and that possession of the property be delivered to her.
The evident purpose is to apply the principles laid down in Howe, Executor, vs. Powell et al., 40 An. 308; and in other authorities referred to in that decision in the case at bar.
The doctrine is stated as being settled that redeemable sales, unaccompanied by delivery of the thing sold, of which the consideration is inadequate, will be treated by courts, without sufficient evidence to the contrary, as contracts for which the thing nominally sold stands as security and nothing else.
It devolves upon the plaintiff to bring her cause within the application of these principles, that she may sustain her contention.
The Broussard act remained in the record, unquestioned as a sale, *1124 during nearly an entire decade, during which plaintiff was the vendor, without any written evidence whatever that she was the owner.
The vendees during the time have passed away.
The secret equities existing at the time, the verbal promises and conversations are now invoked by plaintiff as affecting the authentic act.
That which was a sale on the face of the papers would now be changed by plaintiff to a mortgage conferring hypothecary rights.
The verbal agreements, as testified to on the trial, are doubtless true.
But how unstable and uncertain would be title to immovable property if, after so many years, parol evidence were admissible to alter and change them.
The owner, who appears of record as defendant’s immediate author, desired to realize, it is said, the amount of her claim on the property.
It was known to plaintiff prior to the sale that she was offering the property for sale for an amount not less than $6000.
The plaintiff did not protest against the inadequacy of the price. She did not in the least object — on the contrary she gave the offer her unqualified approval, and sought and earnestly requested the defendant to become the owner. He finally consented and purchased. In all the preliminaries preceding the sale the plaintiff did not make any attempt to secure the recognition by an act or the least writing, of the right she now sets up to the property.
Immediately after the sale she became the lessee of the property. During these years she held it as plaintiff’s lessee, by authentic act.
She during the whole time unqualifiedly, admitted that plaintiff was the owner.
At the end of the three years the contract of lease was renewed, and during three more years she continued holding for the plaintiff as his lessee of the property.
On the face of the papers the defendant is a third person as to all transactions and acts preceding the one under which he became the owner.
His relation to these transactions can not be changed and he made a party to them, or affected by them, by verbal contradictory statements.
“ When parties really intend to create a mortgage for the security *1125 of an existing or contemplated debt, and adopt the form of a sale with a counter letter, which, taken together, exhibit such intention, the contract will be construed as a mortgage, and effect will be given to it accordingly. But when the act of sale and the counter letter both concur in asserting that it is a sale, the letter containing the agreement that the vendor may redeem within a given time, it must be held to be a sale with the right of redemption, and if the right is not exercised within the time agreed on it is lost forever.” 35 An. 271.
The act of sale and the lease in the case at bar both concur in establishing that it is a sale and not a mortgage.
She was, it is true, in possession, but her possession was not that of an owner.
She paid the taxes on the property — these taxes in the contract of leases he bound herself to pay.
The price has not the feature of “ vile ” or gross inadequacy as was the case in 40 An. 307.
So that the case at bar differs from those in which this court has interpreted certain contracts as securities for the payment of debts, and not as sales as they purported.
Parties have none to blame but themselves who remain quiescent, or who hastily lend their approval, without securing themselves against the force and effect of authentic deeds.
Having reached this conclusion as to the legal effect of defendant’s authentic deed of sale, the objection to the process of ejectment and the legal proceedings by which defendant obtained possession lose importance.
The plaintiff urges certain grounds that would have been substantial and of some avail, if petition for conveyance, by proper muniment of title, had been granted.
Moreover, there was a settlement after the proceedings of ejectment, a compromise entered into and payment made, which concludes plaintiff.
It is therefore adjudged and-decreed that the judgment appealed from be affirmed at plaintiff and appellant’s costs.